**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAB DISTRIBUTORS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | |
| ) | |
| BEDGEAR, LLC, ) | TRIAL BY JURY DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**COMPLAINT**

Plaintiff JAB Distributors, LLC (hereinafter "Plaintiff" or "JAB"), files this complaint against Defendant Bedgear, LLC (hereinafter "Defendant" or "Bedgear") and alleges as follows:

**THE PARTIES**

1.      Plaintiff JAB is a limited liability company organized under the laws of Illinois and having its principal place of business at 1500 South Wolf Road, Wheeling, Illinois 60090.

2.      On information and belief, Defendant Bedgear is a limited liability company organized under the laws of Delaware and having its principal place of business at 110 Bi-County Boulevard, Suite 101, Farmingdale, New York 11735.

**JURISDICTION**

3.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

## FACTUAL BACKGROUND

5.      On June 30, 2009, United States Letter Patent No. 7,552,489 (the "'489 patent"), entitled "Mattress Encasement For Preventing Bed Bug Escapement Via A Zipper Opening," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On August 25, 2009, the USPTO issued a Certificate of Correction for the '489 patent. A copy of the '489 patent and the Certificate of Correction are attached hereto as Exhibit A. On January 13, 2010, a request for *ex parte* reexamination of the '489 patent was filed with the USPTO, and, on August 3, 2010, the USPTO issued an *Ex Parte* Reexamination Certificate confirming the patentability of all of the original claims of the '489 patent without any amendments to the claims. A copy of the *Ex Parte* Reexamination Certificate for the '489 patent is attached hereto as Exhibit B.

6.      On September 10, 2013, United States Letter Patent No. 8,528,134 (the "'134 patent"), entitled "Method Of Preventing Bed Bugs From Escaping A Mattress Encasement Via A Zipper Opening," was duly and legally issued by the USPTO. A copy of the '134 patent is attached hereto as Exhibit C.

7.      JAB is the assignee and owner of the entire right, title and interest in and to the '489 patent and the '134 patent, including the right to assert all causes of action arising under the '489 patent and '134 patent and the right to any remedy for infringement of the '489 patent and '134 patent.

8.      Pursuant to 35 U.S.C. § 282, each of the '489 patent and '134 patent, including every claim therein, is presumed valid.

9.     JAB makes, sells, and offers for sale mattress encasement products incorporating the inventions of the '489 patent and '134 patent.  JAB markets the patented mattress encasement products under its registered trademark, PROTECT-A-BED®.

## <u>COUNT I – INFRINGEMENT OF THE '489 PATENT</u>

10.     JAB specifically incorporates and realleges the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

11.     Bedgear has been and is now infringing the '489 patent by making, using, selling, offering for sale, and/or importing into the United States, including in this district, one or more products covered by at least one claim of the '489 patent, including, but not necessarily limited to, MATTRESSKIN.

12.     On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Bedgear's acts of infringement have been made with full knowledge of the '489 patent.  Such acts constitute willful and deliberate infringement, entitling JAB to enhanced damages and attorney's fees.  Moreover, on information and belief, Bedgear's continued infringement will be willful.

13.     As a consequence of Bedgear's infringement, JAB has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Bedgear is enjoined by this Court from committing further acts of infringement.

14.     JAB is entitled to recover damages adequate to compensate for Bedgear's infringement, which in no event can be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '134 PATENT

15.     JAB specifically incorporates and realleges the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

16.     Bedgear has been and is now infringing the '134 patent by making, using, selling, offering for sale, and/or importing into the United States, including in this district, one or more products covered by at least one claim of the '134 patent, including, but not necessarily limited to, MATTRESSKIN.

17.     On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Bedgear's acts of infringement have been made with full knowledge of the '134 patent.   Such acts constitute willful and deliberate infringement, entitling JAB to enhanced damages and attorney's fees.   Moreover, on information and belief, Bedgear's continued infringement will be willful.

18.     As a consequence of Bedgear's infringement, JAB has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Bedgear is enjoined by this Court from committing further acts of infringement.

19.     JAB is entitled to recover damages adequate to compensate for Bedgear's infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

Wherefore, JAB prays for the following relief:

A.     Judgment that the '489 patent and '134 patent have been infringed by Defendant;

B.      That this Court issue an injunction permanently enjoining Defendant and its officers, agents, subsidiaries, affiliates, successors, employees, representatives, and assigns from further infringement of the '489 patent and '134 patent;

C.      That this Court ascertain and award JAB damages adequate to compensate JAB for all acts of infringement by Defendant, but in no event less than a reasonable royalty;

D.      That the damages so ascertained be increased up to three times as provided for in 35 U.S.C. § 284;

E.      That this case be declared exceptional and that JAB be awarded its attorneys' fees under 35 U.S.C. § 285;

F.      That JAB be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendant's infringement of the '489 patent and '134 patent;

G.      That JAB be awarded its costs and expenses in this action; and

H.      That this Court grant JAB such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

JAB hereby demands a trial by jury on all issues so triable.

Dated:  March 4, 2014                    Respectfully submitted,


/s/ Patrick J. Arnold Jr.
Patrick J. Arnold Jr.
David Z. Petty
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor

Chicago, Illinois 60661
Phone:  (312) 775-8000

Attorneys for Plaintiff,
**JAB DISTRIBUTORS, LLC**